IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIRECTV, Inc.,

       Plaintiff,

vs.                                                 Civ. No. 03-0050 MV/LFG

JOHN GARCIA, RICK ACKERMAN, ED
BENNETT, K. DAVID DOWNEY, LEO
DOYAL, RANDALL FLYNN, MIKE
MARES and SONNY T. NGUYN,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court pursuant to the Court's Order to Show Cause

How Defendants are Properly Joined, filed February 4, 2004, **[Doc. No. 54]**.  The Court, having

reviewed Plaintiff's Response to the Order to Show Cause and being fully advised on the law,

finds that defendants are not properly joined under Fed. R. Civ. P. 20.

The purpose of Rule 20 is to promote trial convenience, expedite the final determination

of disputes, and avoid multiple lawsuits.  *See* 7 Charles Alan Wright, Arthur R. Miller & Mary

Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001).  Rule 20 imposes two

requirements for permissive joinder of defendants.  First, there must be a right to relief asserted

against the defendants in respect of or arising out of the same transaction or occurrence.  Second,

there must be a common question of law or fact with respect to all defendants that will arise in the

case.  Both of these requirements must be met in order to join defendants under Rule 20.  *Watson*

*v. Blankinship*, 20 F.3d 383, 389 (10th Cir. 1994).

While the requirement of commonality is easily determined in most cases, the transactional relatedness requirement is more difficult to assess.  James Wm. Moore, Federal Practice § 20.02[1][a] (3d ed. 2003).  There is no bright line test for transactional relatedness, and the facts of each particular case must be assessed individually to determine whether joinder is sensible.  *Id.* at § 20.05[1].  The transactional relatedness test is not an obscure test unique to Rule 20; it is also used to analyze cross-claims and counterclaims under Fed. R. Civ. P. 13.  *See Arch Mineral Corp. v. Lujan*, 911 F.2d 408, 412 (10th Cir. 1990).  While the language of Rule 13 and Rule 20 is not identical, the transactional relatedness requirement is analyzed in the same manner under both rules.  Moore, *supra*, § 20.05[2]; Wright *et al.*, *supra*, § 1653; *see also King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4,5 (E.D. Pa. 1979) (analogizing the transactional relatedness requirements of Rule 13 and Rule 20).  The essence of the transactional relatedness requirement is a test of logical relationship.  *See Fox v. Maulding*, 112 F.3d 453 (10th Cir. 1997).

In the instant case, there is arguably a common question of law or fact among the various defendants.  There is no question, however, that Plaintiff's right to relief against each defendant is not transactionally related to the other defendants.  Plaintiff's Complaint alleges that each defendant purchased a "pirate access device" from a vendor, that each defendant resides in New Mexico, that each defendant's order for a "pirate access device" was shipped through the same shipping facility, and that each defendant's alleged purchase was discovered through a single "raid" at this mail shipping facility.  These facts do nothing to tie the defendants together in a logical relationship regarding any transaction, occurrence, or series of transaction or occurrences.

The shipment of the "pirate access devices" by the vendors is not a transaction or

occurrence giving rise to Plaintiff's asserted right to relief against the defendants.  Thus, the fact

that certain vendors used the same shipping facility does not show the requisite logical

relationship among the defendants for permissive joinder under Rule 20.

The fact that each defendant was identified during the same "raid" similarly fails to show a

sufficient relationship among the defendants to justify joinder under Rule 20.  While the "raid"

was a single occurrence that may have given rise to Plaintiff's awareness of the identity of each

defendant, the raid itself does not give rise to any asserted right to relief.

Plaintiff contends that the transactional relationship test is met because each defendant

allegedly engaged in similar conduct.  The alleged similarity of all defendants' conduct does not

create a logical relationship among defendants such that permissive joinder is justified under rule

20.  Plaintiff does not allege that defendants acted in concert or with a common plan.  There is no

common transaction or occurrence or series of transactions or occurrences logically connecting

defendants to one another.  Therefore, defendants in this care are misjoined under Rule 20.

Rule 20 provides that "misjoinder of parties is not grounds for dismissal of an action."

Rule 21 provides, however, that "parties may be dropped or added by order of the court on

motion of any party or of its own initiative at any stage of an action and on such terms as are

just."  Other courts in this district addressing misjoinder of claims in similar cases brought by

Plaintiff have dismissed all defendants other than the first-named defendant, rather than sever

defendants, on the grounds that the burden of correcting the misjoinder should be on Plaintiff and

not on the Court.  *See DIRECTV, Inc. v. Banks, et al.*, Civil No. 03-610 WJ/LFG

(D.N.M. Jan. 20, 2004) (unpublished Order) (concluding that defendants were not properly joined

under Fed. R. Civ. P. 20 and dismissing all but the first named defendant); *DIRECTV, Inc. v.*

*Delmore, et al.*, Civil No. 03-1370 WJ/WDS (D.N.M. Feb. 13, 2004)  (unpublished order)

(same).  The Court agrees with the reasoning of these courts and will dismiss this action as to all

defendants other than the first-named defendant.

In this case, a number of defendants have been dismissed, including the first-named

defendant.[1]  Therefore, dismissing all remaining defendants other than the first-named defendant

will result in the dismissal of the case.  The fact that correction of the misjoinder results in the

dismissal of the case is not a violation of Rule 20 because the misjoinder is not the basis for the

dismissal; rather, the dismissal of the case is a result of Plaintiff's dismissal of the only party

against whom the case was properly brought.

**IT IS THEREFORE ORDERED** that the Clerk's Entry of Default as to Defendant

Sonny T. Nguyn, filed February 4, 2004, [Doc. No. 53] is hereby stricken.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 21, Defendants Leo

Doyal, Randall Flynn and Sonny T. Nguyn are hereby DISMISSED from this action WITHOUT

PREJUDICE.

**IT IS FURTHER ORDERED** that if Plaintiff DIRECTV, Inc., elects to reassert its

claims against these defendants by filing separate cases against them within 30 days of this Order,

the newly filed complaints shall relate back to the date on which the original Complaint in this

case was filed.

**IT IS FURTHER ORDERED** that because all remaining defendants have been dismissed

---

[1]  Defendants Garcia, Ackerman, Bennett, Downey and Mares have been dismissed.
While a clerk's entry of default has been entered against Defendant Nguyn, an actual judgment of
default has not been entered so the Court retains the ability to dismiss Defendant Nguyn from this
action.

pursuant to Fed. R. Civ. P. 21 on the grounds that they were improperly joined under Fed. R. Civ.

P. 20, this case is hereby DISMISSED.

       Dated this 20th day of August, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE